STATE OF MAINE                    SUPERIOR COURT
CUMBERLAND, ss.                   CIVIL ACTION
                                  DOCKET NO. RE-03-06

JACQUELINE HALLORAN GOLDSTEIN,

          Plaintiff,

     v.                                          ORDER

NORTON H. LAMB, et al.

          Defendant,

and

ALBERTA V. and NELSON B. HAYNES, et al.

          Parties-In-Interest.


     Defendant Norton H. Lamb (Lamb) moves for summary judgment against

Plaintiff Jacqueline Halloran Goldstein (Goldstein) on Count II of Goldstein's

Complaint and partially on Lamb's counterclaim.

## FACTS

     In this case, a parcel of land in the Town of Cumberland (Cumberland),

Cumberland County, was conveyed from Margaret Hanley to Teddy R. Bankson.

Margaret Hanley agreed to sell all of her land on Harris Road in Cumberland, excepting

a portion which was reserved for Margaret Hanley's heirs. This exception, in relevant

part, was stated in the purchase and sale agreement:

> with the exception of a parcel of land at the N.E. corner of the
> northeasterly thirteen acres, starting at CMP Co. pole number 23 on the
> Harris Road, S.E. 90° to road 250 feet, thence N.E. 90° to Boundary, N.W.
> to Griffin property, S.W. to Harris Rd., to point of beginning. (Pictured
> Below)

(Def.'s Statement of Facts (DSF) Ex. A.)

On September 3, 1957, the parcel on Harris Road was conveyed from Hanley to Bankson, with the deed purporting to carve out the above exception. The relevant portion of the description of the parcel states:

> thence Northeasterly by the Harris Road to an iron pin set in a stone wall opposite Central Maine Power Co. pole #23; thence Southeasterly at right angles with said road at a distance of Two Hundred Fifty (250) feet to a point; thence Northeasterly at right angles to the last described course to a stone wall and land now or formerly of one Christianson; thence Southeasterly along said stone wall and land of said Christianson to the Northwesterly side line of land now or formerly of Jane S. Moody . . . .

(DSM Ex. B.)

Margaret Hanley passed away, leaving her entire estate to her three children. Goldstein is the child of one of Hanley's children. Goldstein claims that she received an unrecorded deed, which may be in her father's handwriting, on April 7, 1960, which claims to convey a five acre, more or less, blueberry patch. (DSM Ex. E.) Goldstein has also received quitclaim deeds from her mother and two sisters. (DSM Ex. G.)

The Bankson property was conveyed to Virginia S. Lamb. At that time, the words "sixteen hundred (1600) feet, more or less" were added to the deed to the first call listed above, to make that call "thence northeasterly by the Harris Road sixteen hundred (1600) feet, more or less, to an iron pin set in a stone wall opposite Central Maine Power Co. pole #23." Lamb is the duly appointed Personal Representative of Virginia S. Lamb.

Sometime, probably around 1962,[1] Central Maine Power Company (CMP) removed some of the utility poles from Harris Road and nearby. Now, pole number 23

---

[1] It is not clear from the record which of the poles were removed and replaced. (See DSM Ex. I; Ex. S ¶5.) Lamb's expert testifies that pole number 23 was one of the poles removed under a permit in 1962. Pole number 23 is not specifically mentioned in that permit or the pole record in DSM Ex. I.

and that pin that is supposed to be set in the stone wall opposite to it have not been found.

Goldstein filed the complaint in this case for declaratory, injunctive, and equitable relief, to quiet title, for trespass and for damages. Count II is for declaratory judgment to determine the correct boundary. Goldstein, and her expert, claims that the western boundary of the disputed property lies about 568 feet west of where Lamb, and his expert, claims the western boundary is.

## DISCUSSION

"Entry of a summary judgment on an issue is appropriate only if, with respect to that issue, there are no disputes of material facts such that the moving party is entitled to a judgment as a matter of law." Botka v. S.C. Noyes & Co., 2003 ME 128, ¶18, 834 A.2d 947, 952.

"A determination of a boundary between properties as ascertained from a deed is a question of law; where a boundary is on the face of the earth is a question of fact." Hennessy v. Fairley, 2002 ME 76, ¶21, 796 A.2d 41, 48 (internal quotation omitted). "Typically the face of the deed is examined to reveal the intent of the parties, unless facts outside the deed reveal a latent ambiguity – then the standard rules of construction and circumstances surrounding the drafting of the deed are used to resolve the issue of intent." Id. The standard rules of construction state that the following, in descending order of importance, are controlling when examining deeds: monuments, courses, distances, and quantity. Id. "[T]he physical disappearance of a monument terminates its status as a boundary marker unless its former location can be ascertained through extrinsic evidence." Hennessey, 2002 ME 76, ¶22, 796 A.2d at 48 (quoting Milligan v. Milligan, 624 A.2d 474, 478 (Me. 1993)).

Lamb argues two points in his motion. First, Lamb argues that the boundary which the plaintiff's expert claims is the correct boundary is not called for in the deed from Hanley to Bankson or in the Bankson to Lamb deed, and, therefore, the plaintiff's claims fail as a matter of law. Second, Lamb claims that his expert has found pole number 23 and the pin opposite pole number 23, and, therefore, that his expert has found the correct boundary.

Goldstein counters that the defendant's expert only has a theory about where pole number 23 and the pin is, and has no personal knowledge of the place of the monuments. Goldstein's surveyor has a different opinion of where these monuments may have been. Goldstein also argues that the intent of the parties to the purchase and sale agreement and the deed weigh in favor of her interpretation of the deed, and that there are genuine issues of material fact. Goldstein further argues that the deed from Bankson to Lamb, the one with the 1600 foot measurement, is irrelevant because that language is not in the deed from Hanley to Bankson. Goldstein also argues that there are ambiguities in the Hanley to Bankson deed. Finally, Goldstein argues that the defendant's expert did not find pole 23, but extrapolated as to where it was.

In this case issues of material fact remain and summary judgment must be denied. Although, as Lamb correctly states, this is not an action to reform a deed, ambiguities remain with the deed in question. In this case, there are competing versions of where pole 23, and the pin opposite it, were. Lamb's expert, William Shippen (Shippen), testified that he was unable to find the pin in the stone wall, but believed that he found the former location of pole 23 based upon physical inspection and examination of the pole records, as well as what he believed were the guy anchors for pole 23. (DSM ¶¶13, 22.) Shippen provides some evidence that underlie his opinion. (Id.)

4

The plaintiff's surveyor, Wayne Wood (Wood), reviewed the same materials as Shippen, but came to a different conclusion. (E.g., Pl.'s Opposing Statement of Material Facts (POSMF) ¶15.) Wood testified that as he could not find the pin in the stone wall, he looked at other wording in the deed, and focused on the stone wall. (POSMF ¶12.) Wood was of the opinion that the stone wall referred to in the deed was the stone wall that ran perpendicular of the stone wall which ran alongside Harris Road. (Id.) The plaintiff correctly argues that the two stone walls in the area make the deed ambiguous, therefore, calling for facts to determine the true boundary of the property. Factual determinations of the intent of parties in the Hanley to Bankson deed will need to be made, and there are, at this point, two competing versions of the truth for a fact finder to choose from. Both sides have competing versions of where pole 23 and the iron pin were. Therefore, summary judgment should be denied.

The entry is:

The Norton H. Lamb, Jr.'s Motion for Summary Judgment as to Count II is DENIED.

Dated: July 13, 2004

Roland A. Cole
Justice, Superior Court

SUPERIOR COURT
CUMBERLAND, ss.
Docket No PORSC-RE-2003-00006

**DOCKET RECORD**

JACQUELINE HALLORAN GOLDSTEIN   - PLAINTIFF

Attorney for: JACQUELINE HALLORAN GOLDSTEIN
ROBERT PIAMPIANO
TROUBH HEISLER & PIAMPIANO
511 CONGRESS ST
PO BOX 9711
PORTLAND ME 04104-5011

vs

NORTON H LAMB JR AS PR   - DEFENDANT

Attorney for: NORTON H LAMB JR AS PR
MICHAEL HEALY
VERRILL & DANA
ONE PORTLAND SQUARE
PO BOX 586
PORTLAND ME 04112-0586

VIRGINIA S LAMBE, ESTATE   - DEFENDANT

Attorney for: VIRGINIA S LAMBE, ESTATE
MICHAEL HEALY
VERRILL & DANA
ONE PORTLAND SQUARE
PO BOX 586
PORTLAND ME 04112-0586

DOROTHY M REICH (SJ 3/11/04)